Erin M. Stines, OSB #102564
Fidelity National Law Group
1200 – 6th Avenue, Suite 620
Seattle, WA  98101
(206) 224-6005
(206) 223-4527 – FAX
erin.stines@fnf.com
*Attorneys for Defendant Fidelity*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| LAUREL A. BENNETT, an individual,<br><br>     Plaintiff,<br>  v.<br><br>PRIVATE CAPITAL GROUP, LLC; and FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California Company,<br><br>     Defendants. | Case No.: 3:13-cv-01088<br><br>**NOTICE OF REMOVAL** |

TO:   CLERK OF THE COURT;

AND TO: ALL COUNSEL OF RECORD.

  PLEASE TAKE NOTICE that Defendant Fidelity National Title Insurance Company ("Fidelity"), hereby removes to the United States District Court for the District of Oregon. Removal is based upon the following grounds.

**NOTICE OF REMOVAL – 1**
                                      F<small>IDELITY</small> N<small>ATIONAL</small> L<small>AW</small> G<small>ROUP</small>
                                      1200 – 6TH A<small>VENUE</small>, S<small>UITE</small> 620
                                      S<small>EATTLE</small>, WA  98101
                                      (206) 223-4525

1.      On April 5, 2013, Plaintiff Laurel A. Bennett ("Plaintiff") filed a Complaint in Multnomah County Circuit Court under Case No. 1304-04907. Plaintiff's Complaint seeks relief for declaratory judgment, trespass to lands, and invalid encumbrance. (Complaint Attached hereto as **Exhibit B**).

2.      The Summons (Attached hereto as **Exhibit A**) and Complaint were delivered to Fidelity on June 3, 2013.

3.      The state court docket reflects other Defendant Private Capital Group LLC, has been served, but has yet to appear.

4.      Removal is appropriate because this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332(a)(1) in that it is between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.      Because Plaintiff filed the above-entitled action in Multnomah County Circuit Court, this case should be assigned to the United States District Court for the District of Oregon in Portland.

6.      This Notice is filed with the Court within thirty (30) days after receipt by Fidelity of the Complaint, in accordance with 28 U.S.C. § 1446(b).

7.      Fidelity caused a copy of this Notice to be filed in Multnomah County Circuit Court and served upon the Plaintiff's counsel of record.

8.      A copy of the Summons and Complaint are attached to this Notice as **Exhibits A** and **B**, respectively. Copies of all other process and pleadings filed in this case and found in the files of the Circuit Court of the State of Oregon for Multnomah County, that are in my possession, are attached to the Verification of State Court Records, filed with this Notice.

WHEREFORE, Fidelity gives notice that the above-entitled action pending against it in Multnoham County Circuit Court is hereby removed to this Court.

DATED this 27th day of June, 2013.

FIDELITY NATIONAL LAW GROUP

*/s/ Erin M. Stines*
Erin M. Stines, OSB #102564
Fidelity National Law Group
1200 – 6th Avenue, Suite 620
Seattle, WA  98101
(206) 224-6005
(206) 223-4527 – FAX
Erin.Stines@fnf.com
*Attorneys for Defendant Fidelity*

# CERTIFICATE OF SERVICE

I hereby certify that on the date given below, I caused to be served the foregoing document entitled **NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(B)** on the following individuals in the manner indicated below:

Thomas Cutler, OSB #932452
HARRIS BERNE CHRISTENSEN LLP
5000 SW Meadows Road, Suite 400
Lake Oswego, OR  97035
(503) 968-1475
Thomas@hbclawyers.com
*Attorneys for Plaintiff*

| | |
|---|---|
| ☐ | U.S. MAIL |
| ☐ | LEGAL MESSENGER |
| ☐ | EMAIL |
| ☐ | HAND DELIVERED |
| X | EXPRESS DELIVERY |
| ☐ | FACSIMILE |

**SIGNED** this 27th day of June, 2013, at Seattle, Washington.

*/s/Shbien L. Cross*
Shbien L. Cross, Legal Assistant

**NOTICE OF REMOVAL – 4**

FIDELITY NATIONAL LAW GROUP
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA  98101
(206) 223-4525

# EXHIBIT A

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| LAUREL A. BENNETT, an individual,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PRIVATE CAPITAL GROUP LLC and FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California company,<br><br>　　　　　　Defendants. | Case No. 1304-04907<br><br>SUMMONS |

TO:　Fidelity National Title Insurance Company, Defendant
　　　c/o CT Corporation System
　　　818 W. Seventh St.
　　　Los Angeles, CA 90017

　　You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT: READ THESE PAPERS CAREFULLY!**

　　You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

　　If you have any questions, you should see an attorney immediately. If you need help in find an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_/s/ Ronald R. Heard_
SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF
　RONALD R. HEARD　　　　　　　　　　　073960
ATTORNEY'S NAME (TYPED OR PRINTED)　　BAR NO.
　5000 SW MEADOWS ROAD, SUITE 400
　ADDRESS
LAKE OSWEGO,　　　OR　97035　　　503-968-1475
CITY　　　　　　　STATE ZIP　　　　　　PHONE
　THOMAS H. CUTLER　　　　　　　　　　932452
TRIAL ATTORNEY IF OTHER THAN ABOVE (TYPED OR PRINTED) BAR NO.

STATE OF OREGON, County of Clackamas) ss.
　　I, the undersigned attorney of record for the plaintiff verify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

_/s/ Ronald R. Heard_
ATTORNEY OF RECORD FOR PLAINTIFF(S)

TO THE OFFICER OR OTHER PERSON ISSUING THIS SUMMONS: You are hereby directed to serve a true copy of this summons together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

_/s/ Ronald R. Heard_
ATTORNEY(S) FOR PLAINTIFF(S)

HARRIS BERNE CHRISTENSEN LLP
5000 SW Meadows Road, Suite 400
Lake Oswego, OR 97035
Tel: (503) 968-1475
Fax: (503) 968-2003

Page 1 - *Summons*

# EXHIBIT B

FILED
13 APR -5 PM 2:36
CIRCUIT COURT
FOR MULTNOMAH COUNTY

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| LAUREL A. BENNETT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PRIVATE CAPITAL GROUP LLC and FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California company<br><br>Defendants. | Case No. 1304 04907<br><br>**COMPLAINT**<br><br>**DECLARATORY RELIEF; TRESPASS TO LANDS; INVALID ENCUMBERANCE**<br><br>**Case For More Than $10,000**<br>**AMOUNT SOUGHT IN COMPLAINT:**<br>**$93.229.80 plus interest and attorney fees.**<br><br>(Filing Fee Authority: Or Laws 2012, ch. 48, sec. 2; ORS 21.160(1)(c) -- $505.00) |

Plaintiff alleges as follows:

## INTRODUCTION

**1.**

Plaintiff is a resident of Multnomah County, Oregon. Jurisdiction is proper because Plaintiff and the real property at issue are located in Multnomah County. On or about July 6, 2010, Defendant Private Capital Group LLC (hereinafter "PCG") purportedly obtained a Trustee's Deed from Defendant Fidelity National Title Insurance Company (hereinafter "Fidelity"), after purported sale and purchase for cash at auction, of the property located at 8730 Northwest Terraceview Court, Portland, Oregon 97229 particularly described as "Lot 1, Block 6, Skyline Summit No. 3, in the City of Portland, County of Multnomah and State of Oregon" (hereinafter "Property"). The purported sale and purchase was incident to an unlawful ORS 86.735 *et seq.* advertisement and sale

Page 1 –  *Complaint*

HARRIS BERNE CHRISTENSEN LLP
5000 S.W. Meadows Rd., Suite 400
Lake Oswego, OR 97035
(503) 968-1475

foreclosure conducted by Fidelity at PCG's specific instruction as purported beneficiary of the a note and deed of trust described *infra*. The Property, at all relevant times, was the principal residence of Plaintiff. Plaintiff, at all relevant times, continuously held superior title to and exclusive possessory rights in the Property until PCG, on or about July 6, 2012, by and through its agents, intentionally directed and caused, without legal right or authority, a writ of execution of judgment of restitution to be served and enforced against Plaintiff by the Multnomah County Sheriff. PCG's intentional acts physically severed Plaintiff's actual and exclusive right to possession of the Property. PCG took physical possession of the Property immediately thereafter and persists in its unlawful possession to present.

## FACTS

**2.**

On July 2, 2004, Plaintiff, as borrower, executed a Deed of Trust (hereinafter "Greenpoint Deed") concerning the Property to Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS") as grantee and beneficiary, acting solely as nominee of the lender GreenPoint Mortgage Funding Inc. (hereinafter "Greenpoint"), to secure repayment by Plaintiff of a note in the amount of $592,000 (hereinafter "Greenpoint Note"). First American Title (hereinafter "First American") was named trustee in the Greenpoint Deed. The GreenPoint Deed was recorded in the Multnomah County Records as document number 2004-128758.

**3.**

On information and belief, between July 2, 2004 and February 2, 2010, the Greenpoint Note and Greenpoint Deed were *securitized* and/or assigned and transferred to, among others, a *Sponsor or Depositor* and Capital One Financial Corp. (hereinafter "Capital One") or a Capital One subsidiary or affiliate on or about 2008.

**4.**

On or about March 14, 2006, Tina Jones, purporting to act as an agent of MERS located in Columbus, Georgia, purported to "grant, assign and transfer" all MERS' "beneficial interest . .

Page 2 –   *Complaint*

1  . together with the [GreenPoint Note] secured by said [GreenPoint Deed] and also all rights
2  accrued or to accure under said [GreenPoint Deed]," purportedly possessed by MERS, to
3  Greenpoint. That purported assignment of the GreenPoint Deed was recorded in the Multnomah
4  County Records as document number 2006-050615 on March 21, 2006. Immediately
5  subsequent, Tina Jones, purporting to be an agent of Greenpoint, as purported beneficiary,
6  purported to appoint Lawyers Title Insurance Corporation (hereinafter "Lawyers Title") as
7  substitute trustee. That purported appointment of successor trustee was recorded in the
8  Multnomah County Records as document number 2006-050616 on March 31, 2006.

**5.**

On or about June 9, 2006, Thomas H. Harris, purporting to act as agent of MERS located in New York, again purported to "assign" to PCG the GreenPoint Deed, "together with the bond(s), note(s) or obligation(s) described in said [GreenPoint Deed] and the moneys due and interest due and to become due thereon," purportedly possessed by MERS. That purported assignment was recorded in the Multnomah County Records as document number 2006-164141 on September 1, 2006.

**6.**

On or about May 7, 2008, Peter J. Schancupp, purporting to act as agent of MERS purported to appoint First American as successor trustee under the GreenPoint Deed. That purported appointment of successor trustee was recorded in the Multnomah County Records as document number 2008-072434 on May 12, 2008.

**7.**

On or about April 18, 2008, Peter J. Schancupp, purporting to act as agent of PCG purported to appoint Fidelity as successor trustee under the GreenPoint Deed. That purported appointment of successor trustee was recorded in the Multnomah County Records as document number 2008-083654 on June 3, 2008.

**8.**

Page 3 — *Complaint*

HARRIS BERNE CHRISTENSEN LLP
5000 S.W. Meadows Rd., Suite 400
Lake Oswego, OR 97035
(503) 968-1475

**12.**

On July 2, 2010, an unidentified and purported agent of PCG purported to purchase the Property for cash when in fact PCG was a credit bidder. On July 6, 2010 Fidelity purportedly conveyed a purportedly valid Trustee's Deed to PCG that PCG, or Fidelity, caused to be recorded in Multnomah County Records as document number 2010-084994 on July 9, 2010.

**13.**

On December 29, 2011, PCG obtained an order from the Circuit Court for the State of Oregon for Multnomah County lifting a stay on PCG's ability to obtain a writ of execution on a judgment of restitution obtained on July 15, 2011.

**14.**

From on or about July 22, 2011 through July 6, 2012 Plaintiff, by and through its legal counsel, repeatedly informed PCG and Fidelity, orally and/or in writing, of the illegality of their purported attempts to sell the Property pursuant to ORS 86.735 *et seq.* for the following reasons: for lack of unrecorded assignments of the GreenPoint Deed; for invalid purported appointments of successor trustees by MERS and/or recorded non-beneficiaries and/or non-successors-in-interest to the GreenPoint Deed and/or GreenPoint Note; and, because MERS had no legal rights in the Property at any relevant time, as beneficiary or otherwise, nor any legal capacity under ORS 86.735 *et seq.* to act on behalf of the true beneficiary and/or unrecorded successor-in-interest to the GreenPoint Note and/or GreenPoint Deed. Similarly, Plaintiff's counsel repeatedly informed PCG and Fidelity, orally and/or in writing, that neither of the Defendants had any legal right or authority to encumber Plaintiff's legal title to the Property by recording in the Multnomah County real property records any and/or all of the recorded documents described *supra*. Plaintiff's legal counsel repeatedly informed Defendants, orally and/or in writing, that any attempt to interfere with Plaintiff's exclusive right of possession in the Property pursuant to an invalid, void, voidable and/or unenforceable Trustee's Deed was wrongful and illegal. Plaintiff's counsel repeatedly informed Defendants that Plaintiff was and/or would be, financially,

Page 5 —  *Complaint*

1  physically and emotionally harmed by any further illegal attempts to encumber title and/or
2  dispossess Plaintiff because Plaintiff: was undergoing cancer treatments; was attempting to
3  conclude a purchase offer of the home by a third party who would allow Plaintiff to remain in
4  possession as lessee; was the sole caregiver for a minor child who had a legal right to attend
5  school in the district where the Property was located; and, Plaintiff would find obtaining safe
6  substitute rental housing for herself and her child difficult due to Plaintiff's health and lack of
7  employability, and due to ruined credit history incident to an illegal foreclosure and/or
8  dispossession.

### 15.

10  Nevertheless, PCG on or about July 6, 2012, by and through its agents, intentionally
11 directed and caused, without legal right or authority, a writ of execution of judgment of
12 restitution to be served and enforced against Plaintiff by the Multnomah County Sheriff thereby
13 interfering with, and severing, Plaintiff's exclusive right of possession in the Property. PCG, by
14 and through its agents, intentionally took possession of the Property. PCG took possession
15 illegally despite its awareness of the illegality of the underlying advertisement and sale
16 foreclosure, and with intentional disregard of the damages PCG knew it would cause Plaintiff if
17 she was illegally and unlawfully dispossessed of her exclusive right of possession in the
18 Property.

### FIRST CLAIM FOR RELIEF

### (Declaratory Relief)

### 16.

23 Plaintiff realleges paragraphs 1-15 as though incorporated herein.

### 17.

25 Pursuant to the Oregon Uniform Declaratory Judgments Act, and based on facts alleged
26 in paragraphs 1-15 *supra* there is an actual justiciable controversy regarding the past and present

Page 6 – *Complaint*

HARRIS BERNE CHRISTENSEN LLP
5000 S.W. Meadows Rd., Suite 400
Lake Oswego, OR 97035
(503) 968-1475

1  legal rights and duties of the parties regarding: the validity and enforceability of the Trustee's
2  Deed; whether PCG intentionally and/or unlawfully severed Plaintiff's exclusive right to
3  possession in the Property: and, whether Plaintiff is entitled to a declaration determining the past
4  and/or present relative rights of the parties to this action.  Specifically, Plaintiff is entitled to a
5  declaration determining whether the purported sale of the Property and the Trustee's Deed issued
6  pursuant thereto, is/were invalid, null and void for violation of ORS 86.735 *et seq.* for some
7  and/or all of the following reasons:

    a) One or more assignments of the GreenPoint Deed were unrecorded in the county records prior to the sale in violation of ORS 86.735(1);

    b) MERS at all relevant time and as a matter of law, had no legal rights, interests or authority, as beneficiary or otherwise, in the GreenPoint Deed capable of assignment;

    c) MERS at all relevant time, as a matter of law, had no legal rights, interests or authority, as beneficiary or otherwise, to appoint any successor trustees under the GreenPoint Deed;

    d) All actions taken by Irene Gilbert, Peter Schancupp and Jeff Voss purporting to act both as agents of MERS, and on behalf of the purported principals GreenPoint, PCG and/or Roundpoint when all or none of them had legal rights, interests or authority to do so voids the Trustee's Deed, and/or voids any purported assignments of the GreenPoint Deed, and/or voids any appointments of successor trustees under the Greenpoint Deed;

    e) PCG did not have legal rights, interests, standing and/or authority at all relevant times, as beneficiary or otherwise, to instruct or direct Fidelity to conduct an advertisement and sale of the Property because all beneficial interests in the Greenpoint Note and/or Greenpoint Deed had been sold or were otherwise held at all relevant times by a party other than PCG.

**18.**

Additionally, Plaintiff is entitled to a declaration that for any or all of the reasons stated in paragraph 17 *supra*, PCG and/or its agents had no legal right or authority and were not entitled to possession of the Property pursuant to ORS 86.755 and/or were not entitled to employ the legal process set forth in ORS 105.110 *et seq*. For any or all of the reasons stated in paragraph 17 *supra*, Plaintiff is entitled to a declaration that: Plaintiff has a present exclusive right of possession in the Property: PCG and/or its agents had no legal authority or right to direct or enforce a writ of execution of judgment of restitution against Plaintiff; and, Plaintiff is entitled to immediately retake possession of the Property from PCG.

## **SECOND CLAIM FOR RELIEF**

### (TRESPASS TO LANDS)

**19.**

Plaintiff realleges paragraphs 1-18 as though incorporated herein.

**20.**

On or about July 6, 2012 while Plaintiff was in exclusive possession of the Property, PCG intentionally directed and caused the Multnomah County Sheriff to serve and enforce against Plaintiff an invalid and illegal writ of execution of judgment of restitution.

**21.**

As a direct and proximate result of PCG's actions in directing service and enforcement of the writ of execution of judgment of restitution against Plaintiff, Plaintiff's current and prospective right of exclusive possession in the property was severed and Plaintiff was physically dispossessed of the property under threat of physical removal.

**22.**

PCG entered onto and is in possession of the Property at present and refuses to leave and/or return possession to Plaintiff despite Plaintiff's requests to do so.

**23.**

Page 8 –   *Complaint*

As a direct and proximate result of PCG's actions in unlawfully dispossessing Plaintiff as described *supra*, Plaintiff has been damaged in the amount of $53.229.80 for moving expenses, lost possessory, replacement and/or rental value of the property forced to be abandoned or donated and storage expenses.

24.

As a direct and proximate result of PCG's actions in unlawfully and intentionally dispossessing Plaintiff under the circumstances of her poor health, lack of prospective substitute housing, devalued rental history, interruption to her child's security and stability as described *supra*, Plaintiff has been damaged in the amount of $40,000.00 for her discomfort, annoyance, inconvenience, loss of ability to find replacement housing and mental suffering.

**THIRD CLAIM FOR RELIEF**

**(INVALID CLAIMS OR ENCUMBERANCE(S) – VIOLATION OF ORS 205.450 *et seq*.)**

25.

Plaintiff realleges paragraphs 1-24 as though incorporated herein.

26.

Some and/or all of the documents recorded in Multnomah County real property records as described in paragraphs 2-12 *supra* constitute claims, liens, charges or liabilities (i.e. encumberances) on Plaintiff's property.

27.

Some and/or all of the documents described in paragraphs 2-12 *supra* were intentionally recorded in Multnomah County real property records by PCG, Fidelity and/or their purported agents.

28.

Some and/or all of the documents described in paragraphs 2-12 *supra* constitute invalid encumberances because they were not authorized by statute and in violation ORS Chapters 86, 105 and 205 as will be proved at trial.

Page 9 —  *Complaint*

**29.**

Plaintiff presently holds a fee ownership interest in the Property superior to any and all claimed interests of any and all Defendants or any other unknown persons or parties.

**30.**

PCG is a grantee or person who benefited by the recordation of the documents and/or encumberances described in paragraphs 2-12 *supra* because said encumberances were legally necessary and required to be filed to sever Plaintiff's legal title and possessory rights in the Property pursuant to ORS 86.735 *et seq.* and purportedly convey, transfer and/or assign same to PCG. Those encumberances were ultimately filed, by PCG and/or its agents, and necessary to obtain an unlawful trustee's deed which was subsequently relied upon in violation of ORS 105.105 to 105.168, to obtain, serve and enforce a writ of execution of judgment of restitution against Plaintiff.

**31.**

Because PCG caused said encumberances to be recorded, and because PCG has failed and refuses to release said encumberances despite Plaintiff's repeated requests to do so, PCG has directly and proximately caused Plaintiff's actual damages as described in paragraphs 23-24 *supra*. Additionally, Plaintiff has incurred as actual damages costs and attorney fees necessary to obtain the release of said encumberances, restore Plaintiff's unlawfully encumbered legal title to Plaintiff and marketable condition, and to retake Plaintiff's exclusive right of possession in the Property.

///

**WHEREFORE**, under ORS 105.605 and ORCP 20J and common law equity principles, Plaintiff prays for a decree:

1) On **Plaintiff's First Claim for Relief** that:

(a) MERS and/or its agents had no legal right or authority to assign the GreenPoint Deed and/or appoint successor trustees thereunder because of violations of ORS 86.735 *et seq.*;

Page 10 – *Complaint*

    (b) PCG and/or its agents had no legal right or authority to direct Fidelity to conduct an advertisement and sale foreclosure of the Property because of violations of ORS 86.735 *et seq.*;

    (c) Fidelity and/or its agents had no legal right or authority to conduct an advertisement and sale foreclosure of the Property because of violations of ORS 86.735 *et seq.*;

    (d) PCG and/or its agents were not entitled to possession of the Property pursuant to ORS 86.755 and/or were not entitled to employ the legal process set forth in ORS 105.110 *et seq.* to sever Plaintiff's exclusive right of possession in the Property because of violations of ORS 86.735 *et seq.*;

    (e) the Trustee's Deed recorded as document number 2010-084994 in Multnomah County real property records is void because of violations of ORS 86.735 *et seq.*;

    (f) Plaintiff is the owner in fee simple of the Property described above and presently holds superior legal title to the Property over PCG; and,

    (g) Plaintiff is entitled to immediately retake possession of the Property free of any estate, title, claim, lien, or exclusive possessory interest claimed by PCG;

    2) On **Plaintiff's Second Claim for Relief**, judgment for Plaintiff in the amount of $93.229.80 for actual damages suffered as a direct and proximate result of PCG's intentional trespass and/or interference with Plaintiff's exclusive right of possession in the Property;

    3) On **Plaintiff's Third Claim for Relief**, judgment for Plaintiff in the amount of $93.229.80 for actual damages suffered as a direct and proximate result of PCG's and/or Fidelity's recording of invalid encumberances on Plaintiff's legal title to the Property;

    4) Judgment for Plaintiff for her attorney fees (statutory and/or contractual), costs and disbursements incurred herein; and

    5) Granting Plaintiff such other relief as may be equitable.

///
///
///
///

Page 11 – *Complaint*

HARRIS BERNE CHRISTENSEN LLP
5000 S.W. Meadows Rd., Suite 400
Lake Oswego, OR 97035
(503) 968-1475

DATED: April 1st, 2013

**HARRIS BERNE CHRISTENSEN LLP**

_____
Thomas Cutler, OSB #932452
Of Attorneys for Plaintiff LAUREL A. BENNETT

Trial Attorney:
Thomas Cutler, OSB #932452
Fax number: (503) 968-2003
E-mail address: thomas@hbclawyers.com

Page 12 – *Complaint*